**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 93-2824

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

CHRISTOPHER SCOTT MURPHY,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas

---

(May 15, 1995)

Before WISDOM, WIENER, and PARKER, Circuit Judges.

PER CURIAM:

The defendant/appellee was charged, under 18 U.S.C. §922(q), the Gun-Free School Zones Act of 1990, with possession of a firearm in an area he knew or should have known was a school zone. While the case against the defendant was still pending, this Court, in its decision *United States v. Lopez*, held that 18 U.S.C. §922(q) was unconstitutional on the ground that it was outside Congressional power under the Commerce Clause.[1] We reserved

---

[1] 2 F.3d 1342 (5th Cir. 1993), <u>cert. granted</u>, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1990). A circuit split eventually resulted when the Ninth Circuit Court decided that Section 922(q) is constitutional. *United States v. Edwards*, 13 F.3d 291 (9th Cir. 1993). For a complete discussion of the *Lopez* decision, see Debra

decision, however, on whether the statute could be constitutionally applied if the required nexus to interstate commerce were alleged. As we stated in dicta, "[c]oncievably, a conviction under section 922(q) might be sustained if the government alleged and proved that the offense had a nexus to commerce".[2]

The government attempted to salvage its case against Murphy in reliance on this language when it tried to file a criminal information which alleged a nexus to interstate commerce.[3]  The criminal information alleged:

> . . . defendant herein, did knowingly possess, *in and affecting interstate commerce*, in an area that the defendant knew or should have known was a school zone, a firearm-- specifically, a Mossberg 12 gauge pistol grip shotgun;  In violation of Title 18, United States Code, Section 922(q).[4]

The district court refused to file the criminal information and the government appealed that decision to this Court.

The *Lopez* decision has since been reviewed by the United

---

L. Farmer, United States v. Lopez: <u>The Fifth Circuit Declares the Gun-Free School Zone Act of 1990 an Unconstitutional Extension of Congressional Power under the Commerce Clause</u>, 68 *Tulane L. Rev.* 1674 (1994).  For a discussion of both the *Lopez* decision and the *Edwards* decision, see James M. Maloney, <u>Shooting for an Omnipotent Congress:  The Constitutionality of Federal Regulation of Intrastate Firearms Possession</u>, 62 *Fordham L. Rev.* 1795 (1994).

[2]        <u>Id.</u> at 1368.

[3]    The original indictment alleged no nexus to interstate commerce and was dismissed by the district court.  During plea negotiations, the defendant waived the requirement of an indictment an agreed to plead guilty to the criminal information.  The government used this waiver to effectively amend the indictment and allege a nexus to interstate commerce.

[4]        Appellant's record excerpts, item 5 at 1-2 (emphasis added).

States Supreme Court.  The Supreme Court decided to affirm the decision of this Court and held that the Gun-Free School Zones Act of 1990 is not within the constitutional power of Congress under the Commerce Clause.[5]  The Supreme Court decided that "[t]he possession of a gun in a local school zone is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce."[6]  In light of this decision, we need not address the question we previously reserved.  We AFFIRM the decision of the district court.

---

[5]     *United States v. Lopez*, 1995 WL 2388424, *2.

[6]     Id. at *11.